UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-10520-LTS |
| ) | |
| BOSTON UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

May 23, 2017

SOROKIN, D.J.

For the reasons that follow, the Court ALLOWS Plaintiff Jane Doe's Motion to Remand this case to Suffolk County Superior Court (Doc. 6).

I. BACKGROUND

On December 8, 2016, Plaintiff Jane Doe filed a Complaint in Suffolk County Superior Court against Defendants Boston University (BU) and various BU employees. Doc. 1-3. Plaintiff, who was sexually assaulted while residing in BU housing on October 18, 2015, essentially alleges BU – and, in certain counts, various employee Defendants – violated her rights by failing to provide safe housing, and failing to provide adequate redress for the assault under state and federal civil rights laws. See id. at 4-7. Plaintiff sues for (1) negligence; (2) breach of contract; (3) violation of Mass. Gen. Laws ch. 214, § 1C; (4) violation of the Massachusetts Equal Rights Act (MERA); and (5) violation of the Massachusetts Constitution's Equal Protection Clause. Id.

1

On January 31, 2017, Defendants moved to dismiss various counts and Defendants. Doc. 1 at 3. On February 24, 2017, Defendants received Plaintiff's opposition to the motion. Id. In opposing dismissal of her MERA claim, Plaintiff stated: "Although this is not a lawsuit directly under Title IX of the Education Amendments of 1972 (which prohibits gender discrimination in any education program, like BU, that receives federal funding), Plaintiff will address several ways in which BU violated Title IX in order to establish its claims under the MERA." Doc. 1-4 at 39-40 n.2; see also id. at 42 (arguing that BU's sexual harassment policy violates the MERA "[b]ecause" its standard for determining "whether a Title IX offense occurred" is excessively "onerous" and thus "denies persons who suffer sex-based harms the 'full and equal' protection of Title IX"). Moreover, Plaintiff argued that Defendants violated the Massachusetts Constitution's Equal Protection Clause by failing to take "steps to redress the harm suffered by Jane Doe . . . for sex-based harm," as was their "obligation . . . under civil rights laws." Id. at 49.

On March 27, 2017, Defendants filed a Notice of Removal to this Court, asserting that Plaintiff's MERA and Equal Protection claims "actually arise under federal law," and that the Court should exercise supplemental jurisdiction over Counts One through Three. Doc. 1 at 4-5; see also 28 U.S.C. § 1331 (authorizing federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States").

On April 24, 2017, Plaintiff filed the instant Motion to Remand, arguing that Defendants' removal of this action was untimely and that the Court lacks jurisdiction over her MERA and Equal Protection claims. Doc. 6. The Court agrees it lacks jurisdiction and, thus, need not address the timeliness of Defendants' removal.

II.  DISCUSSION

Plaintiff argues that the Court lacks jurisdiction because she has not pleaded "any federal cause of action." Doc. 6 at 2. Defendants argue that the Court has jurisdiction because (1) Plaintiff's MERA and Equal Protection claims "rest on violations of Title IX," (2) the issues in this case are substantial, and (3) there would be no disruption of the federal-state balance of power if the Court exercised jurisdiction. See Doc. 7 at 9.

"[W]here a claim finds its origins in state rather than federal law," the Supreme Court has identified a "special and small category of cases in which [§ 1331] arising under jurisdiction still lies." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (citation and internal quotation marks omitted). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 1065. Here, as in Gunn, the first two prongs of this test are satisfied. Plaintiff has admitted she will "address several ways in which BU violated Title IX *in order to* establish [her] claims under the MERA." Doc. 1-4 at 39-40 n.2 (emphasis added). Moreover, she has argued that BU's sexual harassment policy violates the MERA "*[b]ecause*" its standard for determining "whether a Title IX offense occurred" is excessively "onerous." Id. at 42 (emphasis added). These statements are sufficient to find that the MERA claim, at least, necessarily raises an actually disputed federal issue.

However, the third requirement, substantiality, is not satisfied. To satisfy this prong, the "federal question must be not only important to the parties, but important to the federal system" as a whole. Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc., 726 F.3d 8, 14 (1st Cir. 2013). Courts have found this requirement satisfied where (1) "the outcome of the claim could turn on a new interpretation of a federal statute or regulation which will

3

govern a large number of cases," as opposed to being "fact-bound and situation-specific"; or (2) the Federal Government "has a direct interest in the availability of a federal forum to vindicate its own administrative action." Id. (citations and internal quotation marks omitted).  Neither of those circumstances is present in this case.  Even assuming this case could turn on a new interpretation of Title IX, that interpretation would not "govern a large number of cases" so as to affect the federal system as a whole; on the contrary, because this case is about the adequacy of BU's policies as implemented (or not), its outcome will be largely, if not wholly, fact-bound.  Cf. Gunn, 133 S. Ct. at 1068 ("In this case, although the state courts must answer a question of patent law to resolve [the plaintiff's] claim, their answer will have no broader effects."). Furthermore, in this case there is no action by the Federal Government at issue – meaning, of course, that the Government has no "direct interest" in "vindicat[ing]" such an action.  Finally, the Court rejects Defendants' argument that the federal issue here is substantial because Title IX "is a complex area of law, over which federal courts have greater expertise."  Doc. 7 at 9.  The Supreme Court rejected a nearly identical argument – albeit in the context of patent law, not Title IX – for finding substantiality in Gunn.  See 133 S. Ct. at 1068.

Given "the absence of a substantial federal issue," the fourth requirement, which is "concerned with the appropriate balance of federal and state judicial responsibilities," is "also not met."  Id.

III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 6) is ALLOWED and this case is REMANDED to Suffolk County Superior Court.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge